IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

| | |
|---|---|
| JESSICA HERRERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jessica Herrera sues Defendant Jefferson Capital Systems, LLC for violating the Fair Debt Collection Practices Act § 1692c(b) ("FDCPA") for illegal debt collection communications.

**PARTIES**

1. Plaintiff is a natural person and resident of Miami, Florida.

2. Defendant is a foreign limited liability company with its principal address at 16 McLeland Road St. Cloud, MN 56303.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 USC § 1331 because the Plaintiff's claim arises under the FDCPA, a federal statute.

4. This Court has personal jurisdiction over Defendant because it conducts business in Miami, Florida, and its voluntary contact with Plaintiff in Miami, Florida made it foreseeable that Defendant would be haled into a Florida Court.

5. Venue is proper because the alleged acts and transaction occurred here, and Defendant transacts and conducts business here.

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a $785.79 debt owed to Premier Bank Card MC ("Premier").

7. At some point, Plaintiff allegedly defaulted on the debt.

8. After default, Premier assigned or sold the debt to Defendant for collection.

9. On or about March 24, 2021, Defendant caused a dunning letter to be sent to Plaintiff. Exhibit A ("Letter").

10. Upon information and belief, Defendant, like most debt collectors[1], did not generate, print, or mail the Letter; rather, Defendant hired a third-party mail vendor who generated, printed, and mailed the Letter.

11. To that end, Defendant sent a communication, in connection with the collection of a debt, to a third-party mail vendor with Plaintiff's private information, including but not limited to:

    i. Plaintiff's name and status as a debtor.

    ii. Plaintiff's account number.

    iii. The amount Plaintiff allegedly owed.

    iv. And Plaintiff's address.

12. For example, the Letter identifies Premier as the "Current Creditor", and "Debt Description" as "PREMIER BANKCARD MC." *Id*. (emphasis original).

13. The Letter has the outstanding balance of $785.79 owed to Defendant. *Id*.

---

[1] https://www.federalregister.gov/d/2019-09665/p-1634

14. The Letter also contains account numbers and reference numbers. *Id*.

15. The Letter also has several different mailing addresses, only one of which is Defendant's, which is also indicative of a third-party mail vendor's involvement.[2]

16. As a result of Defendant's conduct, an unknown, unauthorized third-party now possess Plaintiff's private financial information.

## COUNT I AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692c(b)

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt for personal, family, or household purposes.

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another, and it regularly collects or attempts to collect, directly and indirectly, debts owed or asserted to be owed or due another.

19. Section 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

20. Defendant violated the above provision by communicating, in connection with the collection of a debt, Plaintiff's confidential information to a third-party mailing vendor.

---

[2] https://www.federalregister.gov/d/2019-09665/p-1022

21. Defendant's transmittal of Plaintiff's confidential information to a third-party mail vendor was a communication in connection with the collection of a debt. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341, 1349 (11th Cir. 2021).

22. Plaintiff never gave Defendant consent to communicate with any third-party mail vendor.

23. Defendant had no express permission from a court of competent jurisdiction to communicate Plaintiff's confidential information to a third-party mail vendor, nor was Defendant effectuating a post-judgment judicial remedy.

24. Defendant has disclosed Plaintiff's private information to an unauthorized third-party, and as a result, has invaded Plaintiff's right to privacy, right to have her private information not be shared with unauthorized third parties, and her right to be free from abusive debt collection conduct.

25. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

## RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject Defendant's illegal debt collection conduct in violation of the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff and for the following forms of relief:

a) Actual damages;

b) Statutory damages under the FDCPA;

c) Reasonable attorneys' fees and costs pursuant to the FDCPA;

  d)  injunctive relief;

  e)  That the Court enter an order that Defendant and its agents, or anyone acting on its behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

  f)  Such other and further relief as the Court may deem just and proper.

**Plaintiff respectfully requests a trial by jury on all issues so triable.**

Respectfully Submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946